## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                       Plaintiff,<br><br>       vs.<br><br>MANNIX FRANK SONGENI<br>and KASON ANDON,<br>                  Defendants. | Criminal Case No. CF0124-24<br><br>**DECISION AND ORDER ON MOTION IN *LIMINE* TO ADMIT EVIDENCE UNDER RULE 413 AND RULE 404(b)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 25, 2025, for a Motion Hearing addressing People's Notice and Motion in *Limine* to Admit Evidence Under Rule 413 and Rule 404(b). Attorney Terrence E. Timblin appeared for Defendant Mannix Songeni and Assistant Attorney General Christine S. Tenorio appeared for the People of Guam ("People"). The Court now issues the following order **DENYING, in part,** and **GRANTING, in part,** the People's Motion in *Limine*.

## PROCEDURE

On July 18, 2025, the People filed its Motion in *Limine* regarding Guam Rules of Evidence ("GRE") 413. People's Mot. in Lim. Defendant Songeni filed his Opposition on July 25, 2025. The Court reviewed the motions and applicable law and makes the following ruling.

\\

\\

Decision and Order on Motion in Limine to Admit Evidence
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **1** of **5**

# RULINGS

## I. People's Motion in *Limine* to Admit Evidence Under Rule 413

The Court **DENIES** the People's Motion to admit evidence pursuant to Rule 413 of the GRE. The People have moved to allow evidence of a prior sex act involving a minor that occurred in 2008. In *Chinel*, the Guam Supreme Court used a three-factor test to determine whether a prior offense or conduct is admissible. *Chinel*, 2013 Guam 24 ¶ 21. This test includes 1) the present case must include criminal sexual conduct charges, 2) the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault, and 3) the past act must be relevant. This Court has found that the current case involves criminal sexual conduct charges, and that the prior 2008 act is likely relevant to the current case. Although the alleged prior act does include criminal sexual conduct charges, it is the Court's belief that the People's proposed method of presenting evidence is impossible without violating other evidence rules, namely the rules against hearsay and requirement that witnesses have personal knowledge.

Evidence presented under Rule 413 must still be admissible evidence under the Guam Rules of Evidence. The Motion by the People in the instant case did not detail what type or format this evidence would take. The Court and both Defense counsels did not understand the proposed nature of this evidence until the Motion hearing. Upon the Court's understanding, the prior act involves a judgement and subsequent overturning of that judgment by the Guam Supreme Court. The People have proposed having a witness testify who does not have personal knowledge of the alleged events, only knowledge of a now overturned previous judgment. This evidence cannot be admitted under the hearsay rules and the People have not proposed to offer admissible evidence "of the defendant's commission of another past act of sexual assault."

Decision and Order on Motion in Limine to Admit Evidence
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **2** of 5

Ordinarily, the Court would also perform a balancing test as required under Guam Rule of Evidence 403 to determine if the probative value of the 413 evidence is not substantially outweighed by unfair prejudice to a defendant, using the framework provided in *United States v. Lemay*, 260 F.3d 1018. 1026-27 (9th Cir. 2001). *Wesen*, 2022 Guam 18 ¶ 47. Under *Lemay*, the trial court should consider, but is not limited to: 1) the similarity of the prior acts to the acts charged, 2) the closeness in time of the prior acts to the acts charged, 3) the frequency of the prior acts, 4) the presence or lack of intervening circumstances, and 5) the necessity of the evidence beyond the testimonies already offered at trial. *Chinel*, 2013 Guam 24 ¶ 36. However, because the People have not disclosed any evidence, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, that would be admissible under the Guam Rules of Evidence, such a test is not necessary.

Therefore, the Court denies the Motion to Admit Evidence Pursuant to Rule 413 of the GRE.

## II. People's Motion in *Limine* to Admit Evidence Under Rule 404(b)

The People also wish to admit under Guam Ruyle of Evidence 404(b) Defendant's convictions of five counts of Indecent Exposure as a Third Degree Felony, and his status as a registered sex offender in CF277-15 to show an absence of mistake, opportunity, intent, and motive in his relations with the Victim. GRE Rule 404 creates a general prohibition on the admission of evidence of other crimes, wrongs or acts for the purpose of showing criminal propensity, but 404(b) allows such evidence when offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." GRE 404(b).

The People bear the burden of establishing that a prior bad act: (1) proves a material element of the crime currently charged, (2) is similar to the charged conduct, (3) is based on

Decision and Order on Motion in Limine to Admit Evidence
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **3** of **5**

sufficient evidence; and (4) is not too remote in time. *People v. Evaristo*, 1999 Guam 22, ¶ 11 (citing *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994)). Additionally, the probative value of the relevant evidence must substantially outweigh the danger of unfair prejudice. *See People v. Camaddu*, 2015 Guam 2 ¶ 12, *see also* GRE 403. In considering the *Hinton* factors, the Court agrees that these prior bad acts could go toward proving a material element of the crime, that Defendant intended to engage in sexual contact. The Court agrees, as argued by the People, that the conduct, while not identical, involves exposing his private parts to females, and is sufficiently similar to go toward the Defendant's intent in the present case. The prior bad act is based on sufficient evidence as there is a guilty plea and judgment which testify to Defendant having committed the act. Finally, the act must not be too remote in time. *See Camaddu*, 2015 Guam 2 ¶ 53. Here, prior acts occurred about eight years before the charged offenses. In the context of Rule 404(b), courts have not treated the lapse of time as rendering the decision to admit relevant evidence of similar prior acts an abuse of the discretion. *Lemay*, 260 F.3d 1018 at 1029. The Court believes that eight years is not too long to still be relevant, and the other factors weigh in favor of allowing evidence of the previous conviction.

Under Guam Rule of Evidence 403, the probative value of these prior bad acts is not substantially outweighed by the danger of unfair prejudice. *See* GRE 403. Although prejudice is certainly possible, the Court believes that the evidence of the prior convictions is more probative than it is prejudicial. Furthermore, it is always the intent of this Court to issue proper limiting instruction at the time the evidence is offered and during jury instructions to prevent any existing prejudice from being unfair. Given these safeguards against potentially unfair prejudice, the Court hereby grants the People's Motion to admit evidence of the Defendant's convictions of

Decision and Order on Motion in Limine to Admit Evidence
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **4** of **5**

five counts of Indecent Exposure as a Third Degree Felony and his status as a registered sex offender under Guam Rule of Evidence 404(b), or as impeachment evidence under Rule 609, if applicable.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** the People's Motion in *Limine* to Admit Evidence under 413, but **GRANTS** the People's Motion to Admit Evidence under 404(b), and **ORDERS** the testimony concerning Defendant's convictions of five counts of Indecent Exposure as a Third Degree Felony and his status as a registered sex offender be **admissible**.

SO ORDERED, this _____ day of __ **JUL 2 8 2025** __ 2025.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, T. Timblin

Date: 7/28/25 Time: 3:15pm
Antonio A Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order on Motion in Limine to Admit Evidence
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page 5 of 5